**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1196
_____

UNITED STATES OF AMERICA

v.

LEE SOKALSKY,
                                    *Appellant*
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:15-cr-00040-001)
District Judge: Honorable Robert D. Mariani

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 15, 2025

Before: RESTREPO, McKEE, and RENDELL, *Circuit Judges*

(Opinion filed: November 10, 2025)

_____

OPINION*
_____

_____

*This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge*.

Lee Sokalsky challenges the District Court's denial of his motion to modify or vacate his sentence pursuant to 28 U.S.C. § 2255.[1] We granted a certificate of appealability on the question of whether trial counsel rendered ineffective assistance by failing to object to Sokalsky's 2001 aggravated assault convictions as career-offender predicates under the U.S. Sentencing Guidelines. For the reasons that follow, we will affirm the District Court.

## I.

To claim ineffective assistance of counsel, Sokalsky must satisfy the two-prong test set forth by the Supreme Court in *Strickland v. Washington*.[2] First, Sokalsky must "show that [the] counsel's performance was deficient[,]" and second, "that the deficient performance prejudiced the defen[dant]."[3] "To meet the first prong, counsel's performance must fall 'below an objective standard of reasonableness considering all the circumstances.'"[4] To establish prejudice under the second prong, a defendant is required to demonstrate "that the decision reached would reasonably likely have been different absent the errors."[5]

---

[1] The facts of this case are known to the parties and are recounted only to the extent necessary to explain the disposition of this case.

[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[3] *McKernan v. Superintendent Smithfield SCI*, 849 F.3d 557, 564 (3d Cir. 2017) (citing *Strickland*, 466 U.S. at 687).

[4] *Id.* (quoting *Jacobs v. Horn*, 395 F.3d 92, 102 (3d Cir. 2005)).

[5] *Strickland*, 466 U.S. at 696.

## II.

Central to Sokalsky's ineffective counsel challenge is whether Sokalsky has "two prior felony convictions of either a crime of violence or a controlled substance offense" as required to be deemed a career offender under the Sentencing Guidelines.[6] Sokalsky alleges that his second degree aggravated assault conviction under 18 Pa.C.S.A. § 2702(a)(4) does not qualify as a valid career offender predicate where it "merged" for sentencing purposes with his higher-graded § 2702(a)(1) conviction.[7] Sokalsky argues that, as a result of the merger, he received a "no penalty sentence" on the § 2702(a)(4) conviction, and thus the conviction may not serve as one of the two predicates required for career offender status under U.S.S.G. § 4B1.1(a).

However, we need not reach the question of whether Sokalsky's § 2702(a)(4) conviction is a valid predicate, because it is clear under this Court's precedent in *United States v. Brasby* that Sokalsky's § 2702(a)(1) conviction is a valid predicate under the enumerated offenses clause of U.S.S.G. § 4B1.2(a).[8] In *Brasby*, this Court applied the categorical approach to conclude that New Jersey's aggravated assault statute qualifies as a "crime of violence" under the enumerated offenses clause.[9] The analysis in *Brasby*

---

[6] U.S.S.G. § 4B1.1(a). It is undisputed that Sokalsky's 2009 conviction in Pennsylvania state court for manufacturing, delivering, or possessing with intent to manufacture or deliver a controlled substance, *see* 35 Pa. Cons. Stat. § 780-113(a)(30), qualifies as a "controlled substance offense" for career-offender purposes. *See United States v. Glass*, 904 F.3d 319, 324 (3d Cir. 2018).
[7] *See* 42 Pa. C. S. § 9765.
[8] *See* 61 F.4th 127, 142–43 (3d Cir. 2023).
[9] *Id.*

3

applies with equal force to Sokalsky's § 2702(a)(1) offense, which is identical in its operative terms to New Jersey's aggravated assault statute: they both criminalize completed or attempted aggravated assault resulting in serious bodily injury that is committed with extreme-indifference recklessness.[10]  These elements match the generic federal offense, and thus § 2702(a)(1) constitutes a "crime of violence" under the Guidelines.

Because *Brasby* establishes that Sokalsky's § 2702(a)(1) offense is a crime of violence, Sokalsky had two prior felony convictions of a crime of violence or a controlled substance offense as required to be classified a career offender.[11]  Thus, Sokalsky's collateral challenge fails under *Strickland*, as Sokalsky was not prejudiced by counsel's failure to object to the use of Sokalsky's § 2702(a)(1) conviction as a career offender predicate.[12]

## III.

For the foregoing reasons, we will affirm the District Court.

---

[10] *See United States v. Olinsky*, 2023 WL 2945899, at *3 (3d Cir. Apr. 14, 2023) (citing *Brasby* and concluding that § 2702(a)(1) is a career offender predicate offense).
[11] *See* U.S.S.G. § 4B1.1(a).
[12] *See United States v. Vines*, 134 F.4th 730, 740 (3d Cir. 2025) ("We will not treat counsel's failure to raise a meritless argument as prejudicial.").